UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Patricia T. Patterson, | ) C/A No. 0:10-00676-MBS-BM |
| Plaintiff, | ) |
| vs. | ) |
| George Funderburk; Susan Barden; and David Huffstertler, | ) Report and Recommendation |
| Defendants. | ) |

The Plaintiff, Patricia T. Patterson, proceeding *pro se*, brings this action, entitled Writ of Certiorari from Richland County Court of Common Pleas, pursuant to 42 U.S.C. § 1983. (Complaint, page 1). The complaint names three employees of the South Carolina Workers' Compensation Commission as Defendants. Plaintiff seeks equitable relief, declaratory relief and "Permanent Public Disbarment . . . for Injunctive Relief." (Complaint, page 2).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915; and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

As the Plaintiff is a *pro se* litigant, her pleadings are accorded liberal construction. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S.

1



97 (1976). Even when considered under this less stringent standard, however, the *pro se* complaint is still subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).

Background

The complaint alleges that the Chief Administrative Judge for the Fifth Judicial Circuit in South Carolina, James R. Barber, III, repeatedly denied applications filed by Plaintiff to proceed *in forma pauperis* in a state court action. (Complaint, page 3). Plaintiff asks this Court to determine whether various actions taken by Judge Barber in the state court were made in error. (Complaint, page 2).

The Plaintiff has a previously filed § 1983 action, currently pending in this District Court, which involves the same Defendants and asserts nearly identical allegations as the instant action. *See Patterson v. Barber, et al.,* C/A No. 0:10-00025-MBS (D.S.C.). A district court may take judicial notice of materials in the court's own files from prior proceedings. *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992)(the district court had the right to take judicial notice of a prior related proceeding). *See also Fletcher v. Bryan*, 175 F.2d 716 (4th Cir. 1949). As in Plaintiff's prior case, Defendants George Funderburk, Susan Barden, and David Huffstertler are identified as employees of the South Carolina Workers' Compensation Commission. Defendants Barden and Funderburk were members of a hearing panel, which allegedly denied a motion to submit evidence filed by the Plaintiff on February 12, 2007. (Complaint, page 12). Defendant

2



Huffstertler's name does not appear in the complaint anywhere outside of the caption and "parties" section.[1]

Discussion

Plaintiff indicates that she is bringing the instant action pursuant to 42 U.S.C. § 1983 as a "Verified Writ of Certiorari." (Complaint, page 1). Plaintiff appears to be asking this Court to sit in appellate review of decisions made by a state court judge in the Richland County Court of Common Pleas. Specifically, Plaintiff seeks a determination regarding whether Judge Barber acted: (1) with abuse of discretion; (2) in violation of 42 U.S.C. §§ 1983, 1985; or (3) with gross negligence for his duty of care. (Complaint 2,3).[2] However, to the extent Plaintiff is attempting to challenge a state court decision, her complaint is subject to summary dismissal.

This Court is without jurisdiction to consider an appeal from a state court decision. *See* 28 U.S.C. § 1257. *See also District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476-82 (1983)( a federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28

---

[1] Numerous other individuals, connected to a Workers' Compensation action filed by the Plaintiff in state court, are mentioned in the body of the complaint. Plaintiff failed to list these individuals as defendants in the caption or parties section of the complaint, and failed to provide any service documents for them. Therefore, these individuals have not been added to the Court's docket as defendants in this action.

[2] Judge Barber is not named as a defendant in the instant action. However, to the extent Plaintiff alleges claims against him, Judge Barber is protected from a suit for damages under § 1983 by absolute judicial immunity. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978). Further, 42 U.S.C. § 1983 bars injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." Plaintiff provides no facts which indicate that either of these prerequisites for injunctive relief were met.



U.S.C. § 1257); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). This prohibition on review of state court orders by federal district courts is commonly referred to as the *Rooker-Feldman* Doctrine. *See*, *e.g.*, *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)(confining *Rooker-Feldman* Doctrine to cases brought by state court losers seeking redress for an injury allegedly caused by the state court's decision); *Davani v. Va. Dep't of Transport.*, 434 F.3d 712 (4th Cir. 2006). Thus, the proceedings and rulings made in the Richland County Court of Common Pleas cannot be reviewed or set aside by the United States District Court for the District of South Carolina in this case. Further, the *Rooker-Feldman* Doctrine applies even if the state court litigation has not reached a state's highest court. *See Worldwide Church of God v. McNair*, 805 F.2d 888, 893 & nn. 3-4 (9th Cir. 1986). *See also* 28 U.S.C. § 1738 (federal court must accord full faith and credit to state court judgment); *Robart Wood & Wire Prods. v. Namaco Indus., Inc.*, 797 F.2d 176, 178 (4th Cir. 1986). Because the *Rooker-Feldman* Doctrine is jurisdictional, it may be raised by the Court *sua sponte*. *American Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003).

Plaintiff's submission of the instant complaint, challenging decisions made by a state court judge, is essentially an attempt to have this Court sit in appellate review of state court proceedings. *See Anderson v. Colorado*, 793 F.2d 262, 263 (10th Cir. 1986)("[I]t is well settled that federal district courts are without authority to review state court judgments where the relief sought is in the nature of appellate review"). *See also Hagerty v. Succession of Clement*, 749 F.2d 217, 219-20 (5th Cir. 1984)(collecting cases). Although Plaintiff has apparently been negatively impacted by the state court decision, a ruling in Plaintiff's favor in the instant case would require this Court to overrule (or otherwise find invalid) various orders and rulings made in a state court. Under the

4



*Rooker-Feldman* Doctrine, this Court lacks jurisdiction to review the judicial decisions rendered in Plaintiff's state court action and grant Plaintiff the relief she seeks.

Further, to the extent Plaintiff may have intended this action strictly as an action alleging violations of her constitutional rights pursuant to 42 U.S.C. § 1983, her claim is still subject to dismissal.³ As stated above, the issues involved in the complaint *sub judice* are currently being addressed in C/A No. 0:10-00025-MBS. Therefore, this duplicate §1983 complaint should be summarily dismissed in the interests of judicial economy and efficiency.

Moreover, even if Plaintiff did not have a duplicate action pending in this Court, the present action would still be subject to summary dismissal. The instant pleading is comprised of twenty-five (25) pages, which discuss the actions of Judges, attorneys, court reporters, law clerks, administrative assistants, and Workers' Compensation Commission employees who were allegedly involved in Plaintiff's state litigation, but are not named as defendants in this case. In contrast, Plaintiff's allegations against the named Defendants are slim or nonexistent. Defendants Susan Barden and George Funderburk appear only once in the body of the pleading, when Plaintiff asserts that Defendants Barden and Funderburk were members of a hearing panel that denied a motion filed by the Plaintiff in February of 2007. (Complaint, page 12). As previously indicated, Defendant David Huffstertler's name is not mentioned anywhere in the complaint outside of the caption or "parties" section.

The complaint's general claims, regarding violation of Plaintiff's due process and equal protection rights, absent some specific factual allegations against the named Defendants, are

---

³ A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).



insufficient to state a claim under § 1983, as a Plaintiff must affirmatively show that a defendant acted personally in the deprivation of his or her constitutional rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). When a complaint contains no personal allegations against a defendant, that defendant is properly dismissed. *See Karafiat v. O'Mally*, No. 02-3992, 2002 WL 31845135, at **1 (6th Cir. Dec. 17, 2002); *Whaley v. Hatcher*, No. 1:08CV125-01-MU, 2008 WL 1806124, at *1 (W.D.N.C. Apr. 18, 2008).

<u>Recommendation</u>

Accordingly, it is recommended that the Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

April 2, 2010

Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

