IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Patricia T. Patterson, ) | |
| . ) | C/A No. 0:10-0676-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| George Funderburk, Susan Barden, and ) | |
| David Huffstertler, ) | |
| ) | |
| Defendants. ) | |
| ) | |

On March 17, 2010, Plaintiff Patricia T. Patterson, proceeding pro se and in forma pauperis, filed a document entitled "Supplemental Verified Writ of Certiorari." Plaintiff brings this action against Defendants George Funderburk, Susan Barden, and David Huffstertler, all of whom are employed by the South Carolina Workers' Compensation Commission. Plaintiff contends that Defendants violated her constitutional rights in various respects. Plaintiff seeks equitable, declaratory, and injunctive relief under 42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to the provisions of 28 U.S.C. § 1915. On April 2, 2010, the Magistrate Judge filed a Report and Recommendation in which he noted, among other things, that it appeared Plaintiff is challenging decisions made by a state court judge. The Magistrate Judge properly noted that the court is without jurisdiction to consider an appeal from a state court decision. See 28 U.S.C. § 1257; District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476-82 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413, 415-16 (1923) (setting forth Rooker-Feldman doctrine). Accordingly, the Magistrate Judge recommended that the within action be summarily

dismissed. Plaintiff filed objections to the Report and Recommendation on April 8, 2010.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

According to Plaintiff, her claims are cognizable under § 1983 because Defendants conspired to commit fraud to prevent her from receiving a permanent disability award from the Workers' Compensation Commission. Entry 11, 11. Plaintiff cites to Washington v. Wilmore, 407 F.3d 274, 280 (4th Cir. 2005), for the proposition that the Rooker-Feldman doctrine does not apply because her "claim of injury rests not on the state court judgment itself, but rather on the alleged violation of [her] constitutional rights." However, as the Court of Appeals for the Fourth Circuit explained in Washington, the Rooker-Feldman doctrine "bars 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" Washington, 407 F.3d at 279 (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corps, 544 U.S. 280, 284 (2005)). The gravamen of Plaintiff's complaint is that she wrongfully was denied workers' compensation benefits. The court concludes that Plaintiff's allegations "invit[e the] district court [to] review and reject[]" the decisions made by Defendants at the workers' compensation proceedings. Plaintiff's objections are without merit.

The court has thoroughly reviewed the record and Report and Recommendation. The court adopts the Report and Recommendation and incorporates it herein by reference. Plaintiff's § 1983

complaint is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

June 9, 2010.

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified that she has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure**.